CALOGERO, Chief Justice,
dissenting.
Proof of prior crimes no doubt establishes that a defendant is a bad man, but that is not enough to warrant admission of other crimes evidence. This is the very reason why Pri-eur and its progeny established the need for some greater relevance, and that probative value must outweigh the prejudicial effect of admission of such evidence. The trial judge in this case properly ruled that the prejudicial effect outweighed its probative value. With the defendant stipulating that he was at the scene of the crime, the probative need regarding identity is practically non-existent.
If there is some other relevant purpose for introducing other crimes evidence and such is established by evidence presented at trial, perhaps then would be the opportunity for the trial judge to rule on any alternative reason for the evidence’s relevance, and its admissibility under State v. Prieur. That being the case, I would possibly set aside the judge’s ruling, but only to allow him to decide anew at trial once new evidence is introduced. Or, alternatively, and this may well be preferable, we should allow the trial judge to re-open his Prieur hearing pre-trial to hear the State’s evidence, if any, of a reason for admitting the prior crimes, other than for purposes of identity. Absent the majority’s following either of the two courses I support, I simply dissent from the majority’s ruling.